<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In the Matter of | : | |
| Stephen P. McGoldrick, Esq. | : | |
| An Attorney and Counselor at Law | : | **O P I N I O N** |
| | : | |
| Respondent. | : | 05-mc-418(DRD) |
| v. | : | |
| | : | |
| Mac Truong, Ph.D., J.S.D. | : | |
| | : | |
| Complainant, pro se | : | |
| | : | |

Debevoise, Senior District Judge

Complainant, Mac Truong, Ph.D. J.S.D., filed an ethics complaint against Stephen P. McGoldrick, Esq., an attorney at law admitted to practice in the State of New York. The complaint was entitled "Notice of Motion to Discipline Attorney." The matter has been referred to the undersigned judge.

On January 10, 2006, the court issued an order that on February 14, 2006, complainant show cause why an order should not be entered dismissing his "Motion to Discipline Attorney" and ordering that he be ordered to file no further actions or motions in this court regarding Mr. McGoldrick.

**I. <u>The Ethics Complaint</u>**

According to complainant's papers, Mr. McGoldrick is a staff attorney with the Departmental Disciplinary Committee of the New York Supreme Court, Appellate Division ("DCC"). The complaint charges that Mr. McGoldrick committed the following ethics

1

violations:

i) He violated a May 12, 2005 "Collateral Estoppel Order of the United States Court of Appeals for the Third Circuit" by pursuing ethics proceedings against complainant in the Appellate Division of the New York Supreme Court.

ii) He unlawfully practiced law in the Court of Appeals for the Third Circuit.

iii) By securing disciplinary measures against complainant such as suspension or disbarment he violated the May 12, 2005 order and an October 25, 2005 order of the Court of Appeals.

iv) He filed frivolous petitions, motions and documents containing deliberate misrepresentations with a view to disciplining complainant.

v) He engaged in unprofessional conduct in various cases in the New York State courts, in particular pursuing disciplinary proceedings based on a transcript of, and evidence submitted in, a proceeding before the Honorable Harold Tompkins, a Justice of the New York Supreme Court.

## II.  Chronology of Events

The documents that complaint filed with his complaint disclose the occurrence of the following events:

In January 2000, Justice Tompkins issued a judgment against complainant in an action that Broadwhite Associates had filed against him.  In an opinion Justice Tompkins found that complainant had knowingly submitted false evidence in the form of a forged lease and gave false testimony in support of the lease.  In May 2002 the Appellate Division of the New York Supreme Court affirmed Justice Tompkins's judgment.

Based on complainant's conduct before Justice Tompkins, in December 2003, the Appellate Division suspended complainant from the practice of law.

On July 12, 2000 complainant and his wife filed for bankruptcy in the New Jersey Bankruptcy Court. In October 2002, Bankruptcy Judge Novalyn L. Winfield dismissed complainant's and his wife's Chapter 11 proceeding.

In October 2003, complainant filed an action in this court entitled <u>Mac Truong and Maryse Mac Truong v. Brian L. Baker, Esq., Ravin, Greenberg & Marks, P.A., Broadwhite Associates, a New York Limited Partnership, Williams Coulthaus, Borah, Goldstein, Altschuler & Schwartz, P.C., Robert Goldstein, Lewis Lindenberg, Juergen Osmers and Joseph Farca</u>, Civil Action No. 02-5181. The complaint in that action alleged violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1962, et seq., and the Federal Commission Act's Prohibition against Unfair or Deceptive Practices Affecting Commerce, 15 U.S.C. §45. Judge Cavanaugh granted defendants' motion to dismiss on February 6, 2003. Complainant appealed.

On September 15, 2003 complainant and his wife filed a Chapter VII bankruptcy petition. Broadwhite Associates filed a non-dischargeability action in the Chapter VII proceedings.

On July 21, 2004 complainant and the parties to the District Court action before Judge Cavanaugh entered into a consent order in the Bankruptcy Court settling the non-dischargeability complaint and releasing and withdrawing all claims and counter-claims. Broadwhite Associates agreed to reduce its proof of claim from $356,509.83 to $15,000. Complainant agreed to withdraw all appeals before the District Court and the Court of Appeals. In addition, the defendants in complainant's district court case agreed in the Bankruptcy Court settlement "not to file any written objection to any motions by [complainant] in any court limited to the issue of

3

[complainant] seeking relief from the findings of fact of Justice Tompkins in the Judgment [of January 20, 2000 in favor of Broadwhite Associates against complainant]".

Complainant, as part of the proceedings in the Court of Appeals withdrawing the appeal, moved for an order of that Court:

> (1) Vacating the parties' former New York Court State Supreme Court's January 20, 2000 Money Judgment . . . on the merits and in its entirety including but not limited to all its findings of fact and conclusions of law, as if said judgment had never been issued; and
> (2) Enjoining the parties hereto and/or all third parties from using any findings of fact or conclusions of law in said judgment for collateral estoppel purpose or any other purposes against any party hereto;
>
> …

Mr. McGoldrick, on behalf of DDC, wrote to the Court of Appeals objecting to complainant's proposed order. On October 29, 2004, the Court of Appeals denied the motion.

Thereafter, complainant moved in the Court of Appeals to vacate the October 29, 2004 order. On May 12, 2005 the Court of Appeals entered an order that, among other things, (i) construed a November 8, 2004, letter of Brian L. Baker, Esq., as a motion for reconsideration of the Court's October 29, 2004 order and to dismiss the appeals and (ii) noted a notice of motion to renew by complainant for order declaring the "Parties' Former Money Judgments Vacated and Dismissing appeal with Prejudice." The Court ordered: "The foregoing motion to reconsider is granted. Motion to dismiss appeals is granted."

Not being a party to this appeal, on May 26, 2005, on behalf of DDC, Mr. McGoldrick wrote to the Court of Appeals, again objecting to the entry of the order that complainant sought and asking leave, if necessary, to file a motion to intervene and file a brief. As far as this court is aware there has been no ruling on the motion to reconsider the October 29, 2004 order, although

4

on October 25, 2005, the Court of Appeals denied the DDC's request that the May 26, 2005 letter on behalf of the DDC be considered as a motion to reconsider the Court's May 12, 2005 order.

On August 11, 2005, in proceedings prosecuted by the DDC, the Appellate Division of the New York Supreme Court disbarred complainant. The Court's decision was based primarily upon the complainant's misconduct as found by Justice Tompkins.

### III. Discussion

Complainant proceeds under our L. Civ. P.R. 104.1(e)(1), which subjects to the court's disciplinary jurisdiction an "attorney authorized to practice law or appearing before this Court, including those specially authorized for a limited purpose or in connection with a particular proceeding pursuant to L. Civ. P.R. 101.1. Mr. McGoldrick was admitted to practice law before the Bankruptcy Court, an arm of this court, and thus the court has jurisdiction.

At the heart of complainant's charges against Mr. McGoldrick is his representation that when Mr. McGoldrick pursued the disciplinary proceedings on behalf of DDC resulting in complainant's August 11, 2005 disbarment, he was acting in willful violation of Bankruptcy Court orders and orders of the Court of Appeals "enjoining him and the DDC from continuing to use Justice Tompkins' false finding of forgery for collateral estoppel purposes or any other purposes," e.g., Notice of Motion para. 68. Complainant bases this charge on his representation that such an injunction was effected by the July 21, 2004 order of settlement in the Bankruptcy Court and the August 29, 2004, May 12, 2005, and October 25, 2005, orders of the Court of Appeals. None of these orders had the effect that complainant attributes to them, and he uses, distorts and misconstrues them in a manner that can only be designed to deceive the court.

It is obvious that complainant's underlying purpose is to obtain a ruling from some court

that will undermine the basis of the New York Supreme Court, Appellate Division's action suspending and ultimately disbarring him, an action predicated upon Justice Tompkins's finding that he used a forged lease and testified falsely in the case before him.

In the July 21, 2004, consent settlement order in the Bankruptcy Court he somehow prevailed upon the opposing parties in an adversary proceeding to agree not to file any written objection to any motion he might make in any Court seeking relief from the findings of fact of Justice Tompkins. That agreement, incorporated in the settlement order, by no stretch of the imagination purported to enjoin, or had the effect of enjoining Mr. McGoldrick and the DDC from pursuing disciplinary proceedings against complainant based upon Judge Tompkins's findings. Even if the parties had entered into such an agreement, and even if it were incorporated in an order, it could not under any legal theory have altered or vacated an opinion and final judgment of a state court.

Next, complainant refers to the order of the Court of Appeals dated October 29, 2004. As part of the process of dismissing his appeals in the Truong v. Baker case, complainant had moved not only to dismiss the appeals but also moved to vacate the money judgment and findings of fact and conclusions of law issued by Justice Tompkins. This was a motion as to which the Baker case defendants had agreed not to file any written objection. The Court of Appeals order recited "[t]he foregoing motion is denied." It hardly seems that it could do otherwise under existing principles of law. That order certainly does not enjoin Mr. McGoldrick and DDC from continuing use of Justice Tompkins's opinion and findings.

Subsequently complainant moved in the Court of Appeals for reconsideration of its October 29, 2004 order. On May 12, 2005 the Court of Appeals granted complainant's motion

and on October 25, 2005 it denied DDC's motion that a May 26, 2005 letter it had written to the Court be considered as a motion to reconsider the Court's May 12, 2005 order. The Court gave no reason why it granted the motion for consideration. It did not vacate its October 29, 2004 order denying complainant's motion to vacate Judge Tompkins's judgment and findings. Therefore, when the Appellate Division of the New York Supreme Court disbarred complainant on August 11, 2005, there was nothing that the Court of Appeals had done which would even purport to bar it from doing so. As far as this court is aware, the Court of Appeals has taken no action on complainant's motion for reconsideration.

Thus, the complainant's motion alleging that Mr. McGoldrick was unethical in that he violated court orders precluding him from relying on Justice Tompkins's findings is completely unfounded and is based on a miasma of allegations which distort and misrepresent the effect of the court records which accompany his motion. The other grounds that complainant advances to support discipline of Mr. McGoldrick either rely on this misrepresentation or are baseless on their face or have no support in the record[1].

The notice of motion will be dismissed with prejudice and with the admonition that even though he appears pro se, if complainant should in the future file or pursue such a frivolous and baseless ethics complaint he will face sanctions.

The court will file an order implementing this opinion.

---

[1] In view of the fact that on its face this ethics complaint is meritless and seeks to have the court act on the basis of unfounded representations, there is no need to refer the matter to counsel for investigation pursuant to L. Civ. R. 104.1(e)(2). The complaint can be dismissed forthwith pursuant to L. Civ. R. 104.1(e)(5).

Dated: February 15, 2006                                     /s/ **Dickinson R. Debevoise**
                                                           DICKINSON R. DEBEVOISE
                                                                   U.S.S.D.J.